IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| CAPITAL FUNDING, LLC<br><br>1422 Clarkview Road<br>Baltimore MD 21209<br>county of residence: Baltimore City,<br><br>Plaintiff,<br><br>v.<br><br>AVI "ZISHA" LIPSCHUTZ<br><br>17 Van Winkle Road<br>Wesley Hills NY 10952,<br><br>DOV NEWMARK<br><br>1657 Hidden Lane<br>Lakewood NJ  08701,<br><br>and<br><br>LARRY LIPSCHUTZ<br><br>22 Dolson Road<br>Monsey NY 10952,<br><br>Defendants. | Civil Action No. 16-2485 |

**COMPLAINT FOR BREACH OF GUARANTY**

Plaintiff Capital Funding, LLC ("Plaintiff" or "Agent"), by and through its counsel, Katten Muchin Rosenman LLP, as and for its Complaint for Breach of Guaranty against defendants Avi "Zisha" Lipschutz ("A. Lipschutz"), Dov Newmark ("Newmark"), and Larry Lipschutz ("L. Lipschutz")

(collectively, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is a breach of guaranty action for damages stemming from Borrower's[1] failure to repay the outstanding Loan Obligations under the terms of a Loan Agreement in the principal amount of $36,856,627.00.  Defendants hereto, the guarantors of absolute and unconditional payment and performance under the Loan Agreement, have breached the Guaranty by failing to repay the outstanding Loan Obligations.

## THE PARTIES

2.     Plaintiff is a Maryland limited liability company with its principal office at 1422 Clarkview Road, Baltimore, Maryland 21209.  The sole member of Plaintiff is CFG Community Bank, a Maryland state-chartered bank.  CFG Community Bank's principal place of business is located at 1422 Clarkview Road, Baltimore, Maryland 21209.  CFG Community Bank's sole member is Capital Funding Bancorp, a Maryland corporation, and its principal place of business is located at 1422 Clarkview Road, Baltimore, Maryland 21209.

3.     Defendant Avi "Zisha" Lipschutz is an individual residing at 17 Van Winkle Road, Wesley Hills, New York  10952.

4.     Defendant Dov Newmark is an individual residing at 1657 Hidden Lane, Lakewood, New Jersey  08701.

5.     Defendant Larry Lipschutz is an individual residing at 22 Dolson Road, Monsey, New York  10952.

---

[1] Undefined capitalized terms used in these opening paragraphs are defined below.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship in that Plaintiff's member is a citizen of Maryland, and A. Lipschutz, Dov Newmark, and L. Lipschutz are individuals residing in New York, New Jersey, and New York, respectively. The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants under the terms of the Guaranty, pursuant to which Defendants consented to all of the provisions of the Loan Documents, which include the Loan Agreement's jurisdiction clause providing for exclusive jurisdiction in the Eastern District of Maryland.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, and Defendants have waived any and all objections to venue pursuant to the terms of the payment Guaranty and Loan Agreement at issue herein.

**FACTS**

**A.    The Loan**

9. On or about March 4, 2014, Plaintiff, as a lender and as agent for all of the lenders thereto ("Lenders"), and 22 Maple Street, LLC, 22 Oriol Drive, LLC, 59 Coolidge Road, LLC, and 20 Kinmonth Road, LLC (collectively, "Borrower"), as borrower, entered into that certain Loan Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement") for a loan in the principal amount of $36,856,627.00. A copy of the Loan Agreement, an Amendment dated June 30, 2014, and a Second Amendment dated July 21, 2014, are attached hereto as Group Exhibit A, respectively.

10. Borrower obtained the loan to acquire the real estate located at 22 Maple Street, Amesbury, Massachusetts 01913 (the "Amesbury Property"), 25 Oriol Drive, Worcester, Massachusetts 01605 (the "Autumn Property"), 59 Coolidge Hill Road, Watertown, Massachusetts 02472 (the "Emerson Village Property"), and 20 Kinmonth Road, Newton, Massachusetts 02468 (the "Waban Health Center Property") (collectively, the "Mortgaged Property"), to pay certain payment reserves, and to pay closing costs and fees.

11. Pursuant to the Loan Agreement, Borrower unconditionally promised to pay, among other things, the remaining principal amount of the loan on the February 29, 2016 maturity date of the loan (the "Maturity Date") (Exhibit A § 2.1(e)(i)).

12. The Loan Agreement provided that Borrower's failure to pay the entire amount of the Debt (as defined in the Loan Agreement, which definition is incorporated herein) and other Loan Obligations (as defined in the Loan Agreement, which definition is incorporated herein and together with the Debt, shall be referred to as the "Loan Obligations" herein) on or before the Maturity Date constituted an Event of Default (Exhibit A § 8.1(a)).

13. The Loan Agreement also provided that Borrower would be liable for all reasonable attorneys' fees and costs, and all other reasonable out-of-pocket expenses, incurred by Lender in connection with the failure to pay or the Event of Default (as defined in the Loan Agreement, which definition is incorporated herein) or the exercise of any right or remedy under the Loan Agreement or any of the other Loan Documents (Exhibit A § 8.3).

14. Agent is authorized to bring this Complaint on behalf of itself and the Lenders pursuant to, among other authorities, Section 8.2 of the Loan Agreement.

**B.     The Guaranty**

15. On or about March 4, 2014, Defendants each executed the Guaranty, a copy of which is attached hereto as Exhibit B.

16. Pursuant to the Guaranty, Defendants "irrevocably and unconditionally" guaranteed the payment of the amounts owed by Borrower under the Loan Agreement.

17. Pursuant to Section 1.1(b) of the Guaranty, L. Lipschutz's guaranty of payment of the Loan Obligations is limited to payment of $10,000,000 ("L. Lipschutz's Guaranty Limitation"). The guaranties of Newmark and A. Lipschutz are not limited, and each such guarantor is responsible for payment in full of the Loan Obligations to Agent and Lenders.

18. Pursuant to the Guaranty, Defendants agreed to pay the reasonable costs and expenses incurred by the Lender in collecting any amounts due thereunder (including without limitation, attorneys' fees and costs). (Exhibit B § 1.7). L. Lipschutz's obligation to pay such fees and expenses are not subject to the L. Lipschutz Guaranty Limitation. (Exhibit B §§ 1.1(b) and 1.7).

19. The Guaranty is a guaranty of payment and performance and not of collection (Exhibit B § 1.2).

20. The Guaranty remains in full force and effect by reason of which Defendants are liable to Agent and Lenders for all amounts due thereunder.

### C. Events of Default

21. Certain Events of Default occurred under the Loan Agreement and Financing Documents (as defined in the Loan Agreement, which definition is incorporated herein), including but not limited to Borrower's failure to meet the terms of Section 4.12 of the Loan Agreement for the quarters ending

June 30, 2015, September 30, 2015, and December 31, 2015, in that the EBITDAR (as defined in the Loan Agreement, which definition is incorporated herein) of the Operator was less than the Minimum EBITDAR (as defined in the Loan Agreement, which definition is incorporated herein) required for such periods (the "Subject Events of Default").

22. In connection with the Subject Events of Default, Borrower requested, and Agent and Lenders agreed, to enter into that certain Forbearance Agreement dated February 12, 2016 (the "Forbearance Agreement") whereby Agent and Lenders agreed to temporarily forbear from enforcing their rights and remedies under the Loan Documents provided Borrower complied thereafter at all times with the terms and conditions set forth in the Forbearance Agreement and provided no Forbearance Termination Event (as defined in the Forbearance Agreement, which definition is incorporated herein) occurred under the Forbearance Agreement. A copy of the Forbearance Agreement is attached hereto as Exhibit C.

23. On April 22, 2016, Agent sent notice to the Borrower and Defendants of a Forbearance Termination Event and the resulting termination of the Forbearance Agreement. A copy of the April 22, 2016 letter terminating the Forbearance Agreement is attached hereto as Exhibit D.

24. Following the termination of the Forbearance Agreement, Borrower failed to pay to Agent the required final payment of principal due under the Loan Agreement.

25. By letters dated June 10, 2016, Agent provided notice to Borrower and Defendants that Borrower had defaulted on its obligations to pay the Loan Obligations on or before the maturity date, and demanded payment of all amounts due under the Loan Agreement and Guaranty. A copy of the June 10, 2016 letters is attached hereto as Group Exhibit E.

26. Borrower failed to pay the outstanding Loan Obligations to the Agent and the Lenders.

27. Defendants likewise failed to comply with their obligation under the Guaranty to pay the guaranteed Loan Obligations and fees and expenses due under the Loan Agreement.

28. Accordingly, Defendants are in default under the Guaranty and, as of June 10, 2016, there is now due and owing to Agent and Lenders outstanding principal, accrued interest, default interest, exit fees and other charges in the total amount of $33,839,456.09, plus Agent's and Lenders' costs and expenses incurred in connection with this matter, including reasonable attorneys' fees in an amount to be determined.

## **FIRST CAUSE OF ACTION**
**(Breach of Contract – Against Avi "Zisha" Lipschutz)**

29. Agent repeats and repleads each allegation set forth in Paragraphs 1 through 28, inclusive, and incorporates them by reference herein.

30. The Guaranty constitutes a valid and binding obligation of A. Lipschutz for the benefit of Agent and Lenders.

31. Agent and Lenders have duly performed all terms and conditions of the Loan Agreement, the Guaranty and the Financing Documents.

32. A. Lipschutz has breached the Guaranty by virtue of the failure to pay Agent the amounts owed under the Guaranty in an amount not less than $33,839,456.09, as of June 10, 2016, plus interest and Agent and Lenders' costs and expenses incurred in connection with this matter, including reasonable attorneys' fees in an amount to be determined.

33. As a result of A. Lipschutz's failure to pay the amounts owed under the Guaranty, Agent and Lenders have sustained damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Contract – Against Dov Newmark)

34. Agent repeats and repleads each allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them by reference herein.

35. The Guaranty constitutes a valid and binding obligation of Dov Newmark for the benefit of Agent and Lenders.

36. Agent and Lenders have duly performed all terms and conditions of the Loan Agreement and the Guaranty.

37. Dov Newmark has breached the Guaranty by virtue of his failure to pay Agent and Lenders amounts owed under the Guaranty in an amount not less than $33,839,456.09, as of June 10, 2016, plus interest and Agent and Lenders' costs and expenses incurred in connection with this matter, including reasonable attorneys' fees in an amount to be determined.

38. As a result of Dov Newmark's failure to pay the amounts owed under the Guaranty, Agent and Lenders have sustained damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Breach of Contract – Against Larry Lipschutz)

39. Agent repeats and repleads each allegation set forth in Paragraphs 1 through 38, inclusive, and incorporates them by reference herein.

40. The Guaranty constitutes a valid and binding obligation of L. Lipschutz for the benefit of Agent and Lenders.

41. Agent and Lenders have duly performed all terms and conditions of the Loan Agreement and the Guaranty.

42.     L. Lipschutz has breached the Guaranty by virtue of the failure to pay Agent and Lenders amounts owed under the Guaranty in an amount not less than $10,000,000.00, as of June 10, 2016, plus Agent's and Lenders' costs and expenses incurred in connection with this matter, including reasonable attorneys' fees in an amount to be determined.

43.     As a result of L. Lipschutz's failure to pay the amounts owed under the Guaranty, Agent and Lenders have sustained damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendants Avi "Zisha" Lipschutz, Dov Newmark, and Larry Lipschutz as follows:

1.     That Avi "Zisha" Lipschutz be ordered to pay Plaintiff such monetary damages as may be determined at trial on the First Cause of Action stated herein in an amount in excess of $33,839,456.09, plus attorneys' fees and expenses.

2.     That Dov Newmark be ordered to pay Plaintiff such monetary damages as may be determined at trial on the Second Cause of Action stated herein in an amount in excess of $33,839,456.09, plus attorneys' fees and expenses.

3.     That Larry Lipschutz be ordered to pay Plaintiff such monetary damages as may be determined at trial on the Third Cause of Action stated herein in an amount in excess of $10,000,000.00, plus attorneys' fees and expenses.

4.     That Plaintiff be awarded such other and further relief as the Court may deem equitable, just and proper.

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By: /s/ Joseph F. Fiorill
    Joseph F. Fiorill (Bar No. 13783)
    2900 K Street NW
    North Tower – Suite 200
    Washington DC  20007
    (202) 625-3500 / (202) 298-7570 (fax)
    joseph.fiorill@kattenlaw.com

    William J. Dorsey (*pro hac vice* admission pending)
    Gina M.L. Payne (*pro hac vice* admission pending)
    525 W. Monroe Street
    Chicago IL 60661
    (312) 902-5200 / (312) 902-1061 (fax)
    william.dorsey@kattenlaw.com
    gina.payne@kattenlaw.com

    *Counsel for Plaintiff Capital Funding, LLC*