# EXHIBIT B

GUARANTY OF PAYMENT AND PERFORMANCE

THIS GUARANTY OF PAYMENT AND PERFORMANCE (the "Guaranty") is made as of March 4, 2014 by AVI "ZISHA" LIPSCHUTZ, an individual ("Zisha"), DOV NEWMARK, an individual ("Dov"), and LARRY LIPSCHUTZ, an individual ("Larry", and together with Dov and Larry and with their successors and assigns, each a "Guarantor" and collectively, jointly and severally, the "Guarantor"), in favor of CAPITAL FUNDING, LLC, a Maryland limited liability company, having its principal offices at 1422 Clarkview Road, Baltimore, Maryland 21209, as agent (in such capacity, and together with its successor and assigns, "Agent"), for itself and the other financial institutions from time to time party to the Loan Agreement (defined below).

Pursuant to that certain Loan Agreement dated as of the date hereof (as amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement"), by and among Borrower, such other borrowers that may become "Borrower" under the Loan Agreement, Agent, various financial institutions as are, or may from time to time become, parties thereto as lenders (each a "Lender" and collectively, "Lenders"), Borrower has requested that Lenders make the Loan to Borrower. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Loan Agreement.

Lenders are not willing to make the Loan, or otherwise extend credit, to Borrower unless Guarantor unconditionally guarantees payment and performance to Lender of the Loan Obligations.

Guarantor is the owner of a direct or indirect interest in Borrower, and Guarantor will directly benefit from Lenders' making the Loan to Borrower.

NOW, THEREFORE, as an inducement to Lenders to make the Loan to Borrower, and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the parties do hereby agree as follows:

ARTICLE I
NATURE AND SCOPE OF GUARANTY

1.1     Guaranty of Loan Obligations.

(a)     Guarantor hereby irrevocably and unconditionally guarantees to Lenders and Agent and its successors and assigns, on a joint and several basis, the payment of the Debt and the performance of the other Loan Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise. Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable for the Loan Obligations as a primary obligor. Guarantor acknowledges and agrees that this Guaranty is intended to be a contract of suretyship and that Guarantor has agreed to act as a surety to Lender.

(b)     Notwithstanding anything contained herein to the contrary, the guaranty by Larry (but not Zisha or Dov) under paragraph (a) of this Section, and any payments required

to be made by Larry (but not Zisha or Dov) under Section 1.4 hereof shall be limited to Ten Million and No/100 Dollars ($10,000,000.00).

(c)     In addition, in the event that Borrower and Operator, as applicable, satisfy the conditions set forth below, then during the period that such conditions are satisfied, Larry shall have no liability under the Guaranty.  Notwithstanding the foregoing, in the event that Borrower and Operator, as applicable, currently or subsequently fail to satisfy the conditions set forth below at any time before all Loan Obligations have been satisfied and paid in full (i.e., even after the conditions had previously been satisfied), the release of liability set forth in this Section 1.1(c) shall be null and void.  The conditions referred to above in this Section are as follows:

(i)     No Default or Event of Default under the Loan Agreement or any of the other Loan Documents shall have occurred and be continuing.

(ii)     On a cumulative annualized trailing 6 month basis, the amount of EBITDAR for the Operator is not less than $6,300,000.

(iii)     Borrower and Operator have complied in full with Section 4.14 of the Loan Agreement, the HUD Financing application shall have been submitted to the HUD Lender, and the HUD Financing shall be in process.

(iv)     The Borrower has furnished to the Lender evidence of satisfaction of the condition set forth in subparagraph (ii) above.

1.2     Nature of Guaranty.  Subject to the terms and conditions set forth in this Guaranty, this Guaranty is an irrevocable, absolute, continuing guaranty of payment and performance and not a guaranty of collection.  This Guaranty may not be revoked by Guarantor and shall continue to be effective with respect to any Loan Obligations arising or created after any attempted revocation by Guarantor and after (if Guarantor is a natural person) Guarantor's death (in which event this Guaranty shall be binding upon Guarantor's estate and Guarantor's legal representatives and heirs).  The fact that at any time or from time to time the Loan Obligations may be increased or reduced shall not release or discharge the obligation of Guarantor to any Lender and Agent with respect to the Loan Obligations.  This Guaranty may be enforced by any Lender and Agent and any subsequent holder of all or any part of the Note and shall not be discharged by the assignment or negotiation of all or part of the Note.  This Guaranty is independent of the obligations of Borrower under the Loan Agreement, the Note, the Security Instrument and the other Loan Documents.  This Guaranty is not secured and shall not be deemed to be secured by the Loan Documents or by any mortgage, deed of trust or other security instrument.

1.3     Obligations Not Reduced by Offset.  The Loan Obligations and the liabilities and obligations of Guarantor to Lenders and Agent hereunder, shall not be reduced, discharged or released because or by reason of any existing or future offset, claim or defense of Borrower, or any other party, against Lenders or Agent or against payment of the Loan Obligations, whether such offset, claim or defense arises in connection with the Loan Obligations (or the transactions creating the Loan Obligations) or otherwise.

1.4     <u>Payment by Guarantor</u>.  Subject to the terms and conditions set forth in this Guaranty, if all or any part of the Loan Obligations shall not be punctually paid when due (subject to any applicable notice or cure periods as provided in the Loan Agreement), whether at demand, maturity, acceleration or otherwise, Guarantor shall, immediately upon demand by Lenders or Agent, and without presentment, protest, notice of protest, notice of non-payment, notice of intention to accelerate the maturity, notice of acceleration of the maturity, or any other notice whatsoever, pay in lawful money of the United States of America, the amount due on the Loan Obligations to Lenders and Agent at Lenders' address as set forth herein.  Such demand(s) may be made at any time coincident with or after the time for payment of all or part of the Loan Obligations, and may be made from time to time with respect to the same or different Loan Obligations.  Such demand shall be deemed made, given and received in accordance with the notice provisions hereof.

1.5     <u>No Duty to Pursue Others</u>.  It shall not be necessary for Lenders or Agent (and Guarantor hereby waives any rights which Guarantor may have to require Lenders and Agent), in order to enforce the obligations of Guarantor hereunder, first to (a) institute suit or exhaust its remedies against Borrower or others liable on the Loan or the Loan Obligations or any other person, (b) enforce Lenders' and Agents rights against any collateral which shall ever have been given to secure the Loan, (c) enforce Lenders' and Agent's rights against any other guarantors of the Loan Obligations, (d) join Borrower or any others liable on the Loan Obligations in any action seeking to enforce this Guaranty, (e) exhaust any remedies available to Lenders and Agent against any collateral which shall ever have been given to secure the Loan, or (f) resort to any other means of obtaining payment of the Loan Obligations. Lenders and Agent shall not be required to mitigate damages or take any other action to reduce, collect or enforce the Loan Obligations.

1.6     <u>Waivers</u>.  Guarantor agrees to the provisions of the Loan Documents, and hereby waives notice of (a) any loans or advances made by Lenders and Agent to Borrower, (b) acceptance of this Guaranty, (c) any amendment or extension of the Note, the Loan Agreement, Security Instruments or of any other Loan Documents, (d) the execution and delivery by Borrower and Lender of any other loan or credit agreement or of Borrower's execution and delivery of any promissory note or other documents arising under the Loan Documents or in connection with the Property, (e) the occurrence of any breach by Borrower or an Event of Default, (f) Lenders' or Agent's transfer or disposition of the Loan Obligations, or any part thereof, (g) sale or foreclosure (or posting or advertising for sale or foreclosure) of any collateral for the Loan Obligations, (h) protest, proof of non-payment or default by Borrower and (i) any other action at any time taken or omitted by Lenders and Agent, and, generally, all demands and notices of every kind in connection with this Guaranty, the Loan Documents, any documents or agreements evidencing, securing or relating to any of the Loan Obligations. Without limiting the generality of any other waivers set forth herein, Guarantor hereby waives all suretyship defenses and all rights under any suretyship laws in effect from time to time.

1.7     <u>Payment of Expenses</u>.  In the event that Guarantor should breach or fail to timely perform any provisions of this Guaranty, Guarantor shall, immediately upon demand by Lenders or Lenders, pay Lenders and Agent all costs and expenses (including court costs and reasonable fees) incurred by Lenders and Agent in the enforcement hereof or the preservation of

Lenders' and Agent's rights hereunder.  The covenant contained in this Section shall survive the payment and performance of the Loan Obligations.

1.8     Effect of Bankruptcy.  In the event that, pursuant to any insolvency, bankruptcy, reorganization, receivership or other debtor relief law, or any judgment, order or decision thereunder, Lenders and/or Agent must rescind or restore any payment, or any part thereof, received by Lenders and/or Agent in satisfaction of the Loan Obligations, as set forth herein, any prior release or discharge from the terms of this Guaranty given to Guarantor by Lenders and/or Agent shall be without effect, and this Guaranty shall remain in full force and effect.  It is the intention of Borrower and Guarantor that Guarantor's obligations hereunder shall not be discharged except by Guarantor's performance of such obligations and then only to the extent of such performance.

1.9     Waiver    of    Subrogation,    Reimbursement    and    Contribution. Notwithstanding anything to the contrary contained in this Guaranty, Guarantor hereby unconditionally and irrevocably waives, releases and abrogates any and all rights it may now or hereafter have under any agreement, at law or in equity (including, without limitation, any law subrogating the Guarantor to the rights of Lenders and Agent), to assert any claim against or seek contribution, indemnification or any other form of reimbursement from Borrower or any other party liable for payment of any or all of the Loan Obligations for any payment made by Guarantor under or in connection with this Guaranty or otherwise; provided, however, that after the Loan Obligations have been paid in full and Lenders' and Agent's rights thereto are indefeasible under all laws, including without limitation all any bankruptcy, insolvency or other laws, rules, regulations or orders affecting the rights of creditors, or any proceeding affecting Borrower or any other party, then, and only in that event, Guarantor shall have the right to claim or seek contribution, indemnification or other form of reimbursement from Borrower or any other party liable for payment of the Loan Obligations.

1.10     Covenant.  Until such time as the Loan Obligations are indefeasible satisfied in full, each Guarantor covenants that no material adverse change shall occur with respect to the financial condition of such Guarantor.

1.11     Borrower.  The term Borrower as used herein has the meaning set forth in the Loan Agreement and shall include any new or successor limited liability company, corporation, association, partnership (general or limited), joint venture, trust or other individual or organization formed as a result of any merger, reorganization, sale, transfer, devise, gift or bequest of Borrower or any interest in Borrower.

ARTICLE II
EVENTS AND CIRCUMSTANCES NOT REDUCING
OR DISCHARGING GUARANTOR'S OBLIGATIONS

Guarantor hereby consents and agrees to each of the following, and agrees that Guarantor's obligations under this Guaranty shall not be released, diminished, impaired, reduced or adversely affected by any of the following, and waives any common law, equitable, statutory or other rights (including without limitation rights to notice) which Guarantor might otherwise have as a result of or in connection with any of the following:

2.1     Modifications.  Any renewal, extension, increase, modification, alteration or rearrangement of all or any part of the Loan Obligations, the Note, the other Loan Documents, or any other document, instrument, contract or understanding between Borrower and Lender, or any other parties, pertaining to the Loan Obligations or any failure of any Lender or Agent to notify Guarantor of any such action.

2.2     Adjustment.  Any adjustment, indulgence, forbearance or compromise that might be granted or given by Lenders or Agent to Borrower or any Guarantor.

2.3     Condition of Borrower or Guarantor.   The insolvency, bankruptcy, arrangement, adjustment, composition, liquidation, disability, dissolution or lack of power of Borrower, Guarantor or any other party at any time liable for the payment of all or part of the Loan Obligations; or any dissolution of Borrower or Guarantor, or any sale, lease or transfer of any or all of the assets of Borrower or Guarantor, or any changes in the shareholders, partners or members of Borrower or Guarantor; or any reorganization of Borrower or Guarantor.

2.4     Invalidity of Obligations.  The invalidity, illegality or unenforceability of all or any part of the Loan Obligations, or any document or agreement executed in connection with the Loan Obligations, for any reason whatsoever, including without limitation the fact that (a) the Loan Obligations, or any part thereof, exceeds the amount permitted by law, (b) the act of creating the Loan Obligations or any part thereof is ultra vires, (c) the officers or representatives executing the Note or the other Loan Documents or otherwise creating the Loan Obligations acted in excess of their authority, (d) the Loan Obligations violate applicable usury laws, (e) the Borrower has valid defenses, claims or offsets (whether at law, in equity or by agreement) which render the Loan Obligations wholly or partially uncollectible from Borrower, (f) the creation, performance or repayment of the Loan Obligations (or the execution, delivery and performance of any document or instrument representing part of the Loan Obligations or executed in connection with the Loan Obligations, or given to secure the repayment of the Loan Obligations) is illegal, uncollectible or unenforceable, or (g) the Note or any of the other Loan Documents have been forged or otherwise are irregular or not genuine or authentic, it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other Person be found not liable on the Loan Obligations or any part thereof for any reason.

2.5     Release of Obligors.   Any full or partial release of the liability of Borrower on the Loan Obligations, or any part thereof, or of any one or more co-guarantors, or any other person or entity now or hereafter liable, whether directly or indirectly, jointly, severally, or jointly and severally, to pay, perform, guarantee or assure the payment of the Loan Obligations, or any part thereof, it being recognized, acknowledged and agreed by Guarantor that Guarantor may be required to pay the Loan Obligations in full without assistance or support of any other party, and Guarantor has not been induced to enter into this Guaranty on the basis of a contemplation, belief, understanding or agreement that other Persons will be liable to pay or perform the Loan Obligations, or that Lenders or Agent will look to other Persons to pay or perform the Loan Obligations.

2.6     Other Collateral.  The taking or accepting of any other security, collateral or guaranty, or other assurance of payment, for all or any part of the Loan Obligations.

2.7    Release of Collateral.  Any release, surrender, exchange, subordination, deterioration, waste, loss or impairment (including without limitation negligent, willful, unreasonable or unjustifiable impairment) of any collateral, property or security at any time existing in connection with, or assuring or securing payment of, all or any part of the Loan Obligations.

2.8    Care and Diligence.  The failure (other than due to gross negligence or willful misconduct) of Lenders or Agent or any other party to exercise diligence or reasonable care in the preservation, protection, enforcement, sale or other handling or treatment of all or any part of such collateral, property or security, including but not limited to any neglect, delay, omission, failure or refusal of Lenders or Agent (a) to take or prosecute any action for the collection of any of the Loan Obligations or (b) to foreclose, or initiate any action to foreclose, or, once commenced, prosecute to completion any action to foreclose upon any security therefor, or (c) to take or prosecute any action in connection with any instrument or agreement evidencing or securing all or any part of the Loan Obligations.

2.9    Unenforceability.  The fact that any collateral, security, security interest or lien contemplated or intended to be given, created or granted as security for the repayment of the Loan Obligations, or any part thereof, shall not be properly perfected or created, or shall prove to be unenforceable or subordinate to any other security interest or lien, it being recognized and agreed by Guarantor that Guarantor is not entering into this Guaranty in reliance on, or in contemplation of the benefits of, the validity, enforceability, collectibility or value of any of the collateral for the Loan Obligations.

2.10    Offset.  Any existing or future right of offset, claim or defense of Borrower against Lenders or Agent, or any other Person, or against payment of the Loan Obligations, whether such right of offset, claim or defense arises in connection with the Loan Obligations (or the transactions creating the Loan Obligations) or otherwise.

2.11    Merger.  The reorganization, merger or consolidation of Borrower into or with any other corporation, limited liability company or entity.

2.12    Preference.  Any payment by Borrower to Lenders or Agent is held to constitute a preference under bankruptcy laws or for any reason Lenders or Agent are required to refund such payment or pay such amount to Borrower or someone else.

2.13    Other Actions Taken or Omitted.  Any other action taken or omitted to be taken with respect to the Loan Documents, the Loan Obligations, or the security and collateral therefor, whether or not such action or omission prejudices Guarantor or increases the likelihood that Guarantor will be required to pay the Loan Obligations pursuant to the terms hereof, it is the unambiguous and unequivocal intention of Guarantor that Guarantor shall be obligated to pay the Loan Obligations when due, notwithstanding any occurrence, circumstance, event, action, or omission whatsoever, whether contemplated or uncontemplated, and whether or not otherwise or particularly described herein, which obligation shall be deemed satisfied only upon the full and final payment and satisfaction of the Loan Obligations.

ARTICLE III
REPRESENTATIONS AND WARRANTIES

To induce Lenders and Agent to enter into the Loan Documents and extend credit to Borrower, Guarantor represents and warrants to Lenders and Agent as follows:

3.1    Benefit.  Guarantor is an Affiliate of Borrower, is the owner of a direct or indirect interest in Borrower, and has received, or will receive, direct or indirect benefit from the making of this Guaranty with respect to the Loan Obligations.

3.2    Familiarity and Reliance.    Guarantor is familiar with, and has independently reviewed books and records regarding, the financial condition of the Borrower and is familiar with the value of any and all collateral intended to be created as security for the payment of the Note or Loan Obligations; however, Guarantor is not relying on such financial condition or the collateral as an inducement to enter into this Guaranty.

3.3    No Representation By Lenders.  Neither Lenders nor Agent nor any other party has made any representation, warranty or statement to Guarantor in order to induce the Guarantor to execute this Guaranty.

3.4    Guarantor's Financial Condition.  As of the date hereof, and after giving effect to this Guaranty and the contingent obligation evidenced hereby, Guarantor is, and will be, solvent, and has and will have assets which, fairly valued, exceed its obligations, liabilities (including contingent liabilities) and debts, and has and will have property and assets sufficient to satisfy and repay its obligations and liabilities.

3.5    Legality.  The execution, delivery and performance by Guarantor of this Guaranty and the consummation of the transactions contemplated hereunder do not, and will not, contravene or conflict with any law, statute or regulation whatsoever to which Guarantor is subject or constitute a default (or an event which with notice or lapse of time or both would constitute a default) under, or result in the breach of, any indenture, mortgage, deed of trust, charge, lien, or any contract, agreement or other instrument to which Guarantor is a party or which may be applicable to Guarantor.  This Guaranty is a legal and binding obligation of Guarantor and is enforceable in accordance with its terms, except as limited by bankruptcy, insolvency or other laws of general application relating to the enforcement of creditors' rights.

3.6    Survival.  All representations and warranties made by Guarantor herein shall survive the execution hereof.

ARTICLE IV
SUBORDINATION OF CERTAIN INDEBTEDNESS

4.1    Subordination of All Guarantor Claims.  As used herein, the term "Guarantor Claims" shall mean all debts and liabilities of Borrower to Guarantor, whether such debts and liabilities now exist or are hereafter incurred or arise, or whether the obligations of Borrower thereon be direct, contingent, primary, secondary, several, joint and several, or otherwise, and irrespective of whether such debts or liabilities be evidenced by note, contract, open account, or otherwise, and irrespective of the Person in whose favor such debts or liabilities

may, at their inception, have been, or may hereafter be created, or the manner in which they have been or may hereafter be acquired by Guarantor. The Guarantor Claims shall include without limitation all rights and claims of Guarantor against Borrower (arising as a result of subrogation or otherwise) as a result of Guarantor's payment of all or a portion of the Loan Obligations. Upon the occurrence of an Event of Default or Default, Guarantor shall not receive or collect, directly or indirectly, from Borrower or any other party any amount upon the Guarantor Claims.

4.2    Claims in Bankruptcy.    In the event of receivership, bankruptcy, reorganization, arrangement, debtor's relief, or other insolvency proceedings involving Guarantor as debtor, Lenders and Agent shall have the right to prove its claim in any such proceeding so as to establish its rights hereunder and receive directly from the receiver, trustee or other court custodian dividends and payments which would otherwise be payable upon Guarantor Claims. Guarantor hereby assigns such dividends and payments to Lenders and Agent. Should Lenders or Agent receive, for application upon the Loan Obligations, any such dividend or payment which is otherwise payable to Guarantor, and which, as between Borrower and Guarantor, shall constitute a credit upon the Guarantor Claims, then upon payment to Lenders and Agent in full of the Loan Obligations, Guarantor shall become subrogated to the rights of Lenders and Agent to the extent that such payments to Lenders and Agent on the Guarantor Claims have contributed toward the liquidation of the Loan Obligations, and such subrogation shall be with respect to that proportion of the Loan Obligations which would have been unpaid if Lenders and Agent had not received dividends or payments upon the Guarantor Claims.

4.3    Payments Held in Trust.    In the event that, notwithstanding anything to the contrary in this Guaranty, Guarantor should receive any funds, payment, claim or distribution which is prohibited by this Guaranty, Guarantor agrees to hold in trust for Lenders and Agent an amount equal to the amount of all funds, payments, claims or distributions so received, and agrees that it shall have absolutely no dominion over the amount of such funds, payments, claims or distributions so received except to pay them promptly to Lenders and Agent, and Guarantor covenants promptly to pay the same to Lenders and Agent.

4.4    Liens Subordinate.    Guarantor agrees that any liens, security interests, judgment liens, charges or other encumbrances upon Borrower's assets securing payment of the Guarantor Claims shall be and remain inferior and subordinate to any liens, security interests, judgment liens, charges or other encumbrances upon Borrower's assets securing payment of the Loan Obligations, regardless of whether such encumbrances in favor of Guarantor or Lenders and Agent presently exist or are hereafter created or attach. Without the prior written consent of Agent and Lenders, Guarantor shall not (a) exercise or enforce any creditor's right it may have against Borrower, or (b) foreclose, repossess, sequester or otherwise take steps or institute any action or proceedings (judicial or otherwise, including without limitation the commencement of, or joinder in, any liquidation, bankruptcy, rearrangement, debtor's relief or insolvency proceeding) to enforce any liens, mortgages, deeds of trust, security interests, collateral rights, judgments or other encumbrances on assets of Borrower held by Guarantor.

16820627v.8

ARTICLE V
MISCELLANEOUS

5.1   Waiver. No failure to exercise, and no delay in exercising, on the part of Lenders or Agent, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of Lenders and Agent hereunder shall be in addition to all other rights provided by law. No modification or waiver of any provision of this Guaranty, nor consent to departure therefrom, shall be effective unless in writing and no such consent or waiver shall extend beyond the particular case and purpose involved. No notice or demand given in any case shall constitute a waiver of the right to take other action in the same, similar or other instances without such notice or demand.

5.2   Notices. Any notice or other communication required or permitted to be given by this Agreement or the other Loan Documents or by applicable law shall be in writing and shall be deemed received: (a) on the date delivered, if sent by hand delivery (to the person or department if one is specified below) with receipt acknowledged by the recipient thereof; (b) three (3) Business Days following the date deposited in U.S. mail, postage prepaid, certified or registered, with return receipt requested; or (c) one (1) Business Day following the date deposited with Federal Express or other national overnight carrier, and in each case addressed as follows:

| | |
|---|---|
| If to Guarantor: | Avi "Zisha" Lipschutz<br>17 Van Winkle Road<br>Wesley Hills, NY 10952 |
| and to: | Dov Newmark<br>1657 Hidden Lane<br>Lakewood, NJ 08701 |
| and to: | Larry Lipschutz<br>22 Dolson Road<br>Monsey, NY 10952 |
| with a copy to: | GUTNICKI LLP<br>4711 Golf Road, Suite 200<br>Skokie, Illinois 60076<br>Attention: Abraham A. Gutnicki, Esq.<br>Email: agutnicki@gutnicki.com |
| If to Agent: | Capital Funding, LLC<br>1422 Clarkview Road<br>Baltimore, Maryland  21209<br>Attention:  Timothy Sanders, Managing Director |

with a copy to:       Seyfarth Shaw LLP
                     131 S. Dearborn, Suite 2400
                     Chicago, Illinois  60603
                     Attention:  Deborah Gordon
                     Phone:  312.460.5620
                     Fax:  312.460.7620

Either party may change its or its attorney address to another single address by notice given as herein provided, except any change of address notice must be actually received in order to be effective.

        5.3    <u>Financial Statements</u>.  Guarantor hereby represents and warrants that the most recent financial statements of Borrower, Operator and Guarantor heretofore delivered to Agent are true and correct in all material respects, that they fairly present the financial condition of Borrower, Operator and Guarantor as of the respective dates thereof and for the period(s) covered thereby, and that no material adverse change has occurred in the financial condition or prospectus of Borrower, Operator or Guarantor since the respective dates thereof.  Each Guarantor shall deliver to Agent, true, complete and correct financial statements and tax returns for the Guarantor, in such a form and detail and at such time as is required under the Loan Agreement to deliver with respect to the Guarantor, and if a Guarantor is an Operator, then in such a form and detail as is required under the Loan Agreement to deliver with respect to an Operator.

        5.4    <u>Governing Law</u>. This Guaranty shall be governed in accordance with the State of Maryland and the applicable law of the United States of America.

        5.5    <u>Invalid Provisions</u>. If any provision of this Guaranty is held to be illegal, invalid, or unenforceable under present or future laws effective during the term of this Guaranty, such provision shall be fully severable and this Guaranty shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Guaranty, and the remaining provisions of this Guaranty shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Guaranty, unless such continued effectiveness of this Guaranty, as modified, would be contrary to the basic understandings and intentions of the parties as expressed herein.

        5.6    <u>Amendments</u>. This Guaranty may be amended only by an instrument in writing executed by the party or an authorized representative of the party against whom such amendment is sought to be enforced.

        5.7    <u>Parties Bound; Assignment; Joint and Several</u>. This Guaranty shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns and legal representatives; provided, however, that Guarantor may not, without the prior written consent of Lender, assign any of its rights, powers, duties or obligations hereunder.  If Guarantor consists of more than one person or party, the obligations and liabilities of each such person or party shall be joint and several.

        5.8    <u>Headings</u>. Section headings are for convenience of reference only and shall in no way affect the interpretation of this Guaranty.

16820627v.8

5.9     Recitals. The recital and introductory paragraphs hereof are a part hereof, form a basis for this Guaranty and shall be considered *prima facie* evidence of the facts and documents referred to therein.

5.10     Counterparts. To facilitate execution, this Guaranty may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature of, or on behalf of, each party, or that the signature of all Persons required to bind any party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Guaranty to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, each of the parties hereto. Any signature page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages.

5.11     Rights and Remedies. If Guarantor becomes liable for any Indebtedness owing by Borrower to Lenders and Agent, by endorsement or otherwise, other than under this Guaranty, such liability shall not be in any manner impaired or affected hereby and the rights of Lenders and Agent hereunder shall be cumulative of any and all other rights that Lender may ever have against Guarantor. The exercise by Lenders or Agent of any right or remedy hereunder or under any other instrument, or at law or in equity, shall not preclude the concurrent or subsequent exercise of any other right or remedy. If Guarantor shall become liable for any of the Loan Obligations, then and in that event, Lenders, Agent, its agents, accountants and attorneys shall have the right upon prior written notice, to examine and audit, during reasonable business hours, the records, books, management and other papers or records of Guarantor which pertain to their financial condition or the income, expenses and operation of the Property, at the Property or at any office regularly maintained by Guarantor where the books and records are located. Lenders, Agents and its agents shall have the right upon notice to make copies and extracts from the foregoing records and other papers.

5.12     Other Defined Terms. Any capitalized term utilized herein shall have the meaning as specified in the Loan Agreement, unless such term is otherwise specifically defined herein.

5.13     Post-Closing Agreement.  Guarantors consent to the Post-Closing Agreement dated as of the date hereof executed by Borrower.

5.14     ENTIRETY.  **THIS GUARANTY EMBODIES THE FINAL AND ENTIRE AGREEMENT OF GUARANTOR , LENDERS AND AGENT WITH RESPECT TO GUARANTOR'S GUARANTY OF THE LOAN OBLIGATIONS AND SUPERSEDES ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS, AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT MATTER HEREOF. THIS GUARANTY IS INTENDED BY GUARANTOR AND LENDER AS A FINAL AND COMPLETE EXPRESSION OF THE TERMS OF THE GUARANTY, AND NO COURSE OF DEALING BETWEEN GUARANTOR AND LENDER, NO COURSE OF PERFORMANCE, NO TRADE PRACTICES, AND NO EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OR OTHER EXTRINSIC EVIDENCE OF ANY**

**NATURE SHALL BE USED TO CONTRADICT, VARY, SUPPLEMENT OR MODIFY ANY TERM OF THIS GUARANTY AGREEMENT.   THERE ARE NO ORAL AGREEMENTS BETWEEN GUARANTOR AND LENDER.**

        5.15   <u>WAIVER OF RIGHT TO TRIAL BY JURY</u>.  **GUARANTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS GUARANTY, THE NOTE, THE LOAN AGREEMENT, THE SECURITY INSTRUMENTS, OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.   THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. LENDER IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY GUARANTOR.**

        5.16   <u>Reinstatement in Certain Circumstances</u>.  If at any time any payment of the principal of or interest under the Note, the Loan Agreement or other Loan Documents, or any other amount payable by the Borrower under the Loan Documents is rescinded or must be otherwise restored or returned upon the insolvency, bankruptcy or reorganization of the Borrower or otherwise, the Guarantor's obligations hereunder with respect to such payment shall be reinstated as though such payment has been due but not made at such time.

        5.17   <u>Confirmation of Waivers</u>.  Each Guarantor, as guarantor, hereby makes the following waivers:

        (a)   Guarantor waives all rights and defenses that Guarantor may have because the Borrower's obligations to pay and perform the Loan Obligations under the Loan Agreement are secured by real property.  This means, among other things:

        (i)   The Lenders and Agent may collect from a Guarantor without first foreclosing on any other real or personal property collateral pledged by the Borrower or any other Person.

        (ii)   If the Lenders and Agent foreclose on any real property collateral pledged by the Borrower:

        (A)   The amount of the Debt may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

        (B)   The Lenders and Agent may collect from Guarantor even if the creditor, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from the Borrower.

       (b)     This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have.

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, the undersigned have executed this Guaranty as of the date first above written.

GUARANTOR:

_____
Avi "Zisha" Lipschutz


_____
Dov Newmark


_____
Larry Lipschutz

STATE OF NEW YORK     )
COUNTY OF _Rockland_    ) ss.:

On _____, 2014 before me _Avraham Y Obermeister_____, notary public, personally appeared Avi "Zisha" Lipschutz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

AVRAHAM Y OBERMEISTER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OB6744346
Qualified in Rockland County
My Commission Expires May 22, 2014

STATE OF NEW YORK     )
COUNTY OF _____   ) ss.:

On _____, 2014 before me _____, notary public, personally appeared Dov Newmark, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

STATE OF NEW YORK     )
COUNTY OF _____   ) ss.:

On _____, 2014 before me _____, notary public, personally appeared Larry Lipschutz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

IN WITNESS WHEREOF, the undersigned have executed this Guaranty as of the date first above written.

GUARANTOR:

_____
Zisha Lipschutz

_____
Dov Newmark

_____
Larry Lipschutz

LENDERS:

CAPITAL FUNDING, LLC, a Maryland
limited liability company

By: _____
Name: _____
Title: _____

AGENT:

CAPITAL FUNDING, LLC, a Maryland
limited liability company

By: _____
Name: _____
Title: _____

16820627v.2

STATE OF NEW YORK        )
COUNTY OF _____    ) ss.:

    On _____, 2014 before me _____, notary public, personally appeared Zisha Lipschutz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

STATE OF NEW YORK Ma     )
COUNTY OF Plymauth        ) ss.:

    On Feb 26 , 2014 before me Suzanne Fernandes , notary public, personally appeared Dov Newmark, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public  aug 15, 2019

STATE OF NEW YORK        )
COUNTY OF _____    ) ss.:

    On _____, 2014 before me _____, notary public, personally appeared Larry Lipschutz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

Signature Page to Guaranty of Payment and Performance

16820627v.2

IN WITNESS WHEREOF, the undersigned have executed this Guaranty as of the date first above written.

GUARANTOR:

_____
Zisha Lipschutz

Dov Newmark

_____
Larry Lipschutz

LENDERS:

CAPITAL FUNDING, LLC, a Maryland limited liability company

By: _____
Name: _____
Title: _____

AGENT:

CAPITAL FUNDING, LLC, a Maryland limited liability company

By: _____
Name: _____
Title: _____

Signature Page to Guaranty of Payment and Performance

STATE OF NEW YORK      )
COUNTY OF _____   ) ss.:

On _____, 2014 before me _____, notary
public, personally appeared Zisha Lipschutz, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument
and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the
instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the
instrument.

_____
Notary Public

STATE OF NEW YORK      )
COUNTY OF _____   ) ss.:

On _____, 2014 before me _____, notary
public, personally appeared Dov Newmark, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument
and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the
instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the
instrument.

_____
Notary Public

STATE OF ~~NEW YORK~~ Florida.      )
COUNTY OF Dade .   ) ss.:

On Feb 26, 2014 before me Cheryl Gomez., notary
public, personally appeared Larry Lipschutz, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument
and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the
instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the
instrument.

_____
Notary Public

Cheryl Gomez
State of Florida
MY COMMISSION # FF 29001
Expires: June 18, 2017

Signature Page to Guaranty of Payment and Performance

16820627v.2

SIGNATURE PAGE TO GUARANTY

LENDER:

CAPITAL FUNDING, LLC, a Maryland limited liability company

By:

Name:  Craig Casagrande

Title:  Director

STATE OF MARYLAND    )
COUNTY OF Baltimore ) ss.:

    On _March 1_, 2014 before me _Stephanie Jenifer_ notary public, personally appeared _Craig Casagrande_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public

SIGNATURE PAGE TO GUARANTY

AGENT:

CAPITAL FUNDING, LLC, a Maryland limited liability company

By: _____

Name: **Craig Casagrande**

Title: **Director**


STATE OF MARYLAND )
COUNTY OF _baltimore_ ) ss.:

On _MARCH_, 2014, before me _Stephanie Jenifer_, notary public, personally appeared _Chris Casagrande_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(is), and that by his signature(s) on the instrument the individual(s) or the person upon behalf of which the individual(s) acted executed the instrument.

_____
Notary Public

STEPHANIE A. CALLIER-JENIFER
MY COMMISSION EXPIRES
NOTARY
PUBLIC
APRIL 4, 2015
PRINCE GEORGE'S COUNTY, MD