# EXHIBIT D



# CAPITAL FUNDING, LLC

April 22, 2016

**VIA FEDERAL EXPRESS & FACSIMILE**

Synergy Health Centers LLC
260 Chambers Bridge Road, Suite 2A
Brick, New Jersey 08723
Attention: Zisha Lipschutz

Re: Loan Agreement by and among 22 Maple Street, LLC, a Delaware limited liability company, 25 Oriol Drive, LLC, a Delaware limited liability company, 59 Coolidge Road, LLC, a Delaware limited liability company and 20 Kinmonth Road, LLC (each a "*Borrower*" and collectively the "*Borrowers*"), the Lenders that are party thereto, and Capital Funding, LLC, a Maryland limited liability company as a Lender and as Agent ("*Agent*") dated as of March 4, 2014 (as the same has been and may in the future be amended, restated, modified and in effect from time to time, the "*Loan Agreement*")

Dear Mr. Lipschutz:

Reference is hereby made to the Loan Agreement. All capitalized terms used but not defined herein shall have the meanings assigned to them in the Loan Agreement. As you are aware, certain Events of Default have occurred and are continuing under the Loan Agreement and Financing Documents, including but not limited to Borrowers' failure to meet the terms of Section 4.12 of the Loan Agreement for the quarters ending June 30, 2015, September 30, 2015 and December 31, 2015, in that the EBITDAR of the Operator has been less than the Minimum EBITDAR required for such periods (the "Events of Default"). In connection with the Events of Default, Borrowers requested, and Agent and Lenders agreed, to enter into that certain Forbearance Agreement dated as of February 12, 2016 (the "Forbearance Agreement") whereby Agent and Lenders agreed to temporarily forbear from enforcing its rights and remedies under the Loan Documents provided Borrowers comply at all times with the terms and conditions set forth in the Forbearance Agreement and provided no Forbearance Termination Event (defined in the Forbearance Agreement) occurred under the Forbearance Agreement. Borrowers' letter of intent terminated before the closing, resulting in a Forbearance Termination Event. Upon the occurrence of the Forbearance Termination Event, the Forbearance Agreement terminated and Agent exercised its option to terminate its forbearance.

You are hereby notified that the Forbearance Agreement has terminated, certain Events of Default have occurred and are continuing under the Loan Agreement, and Agent and Lenders reserve the right to assert all of their available rights and remedies against Borrowers, including, without limitation, those rights and remedies set forth in the Loan Agreement and other Loan Documents, and any and all rights and remedies under applicable law as Agent and Lenders determine to be

appropriate. Agent and each Lender may exercise each right and remedy available to it from time to time and as often and in such order as it may determine in its sole discretion and the exercise or beginning of the exercise of any such right or remedy shall not be construed as a waiver of the right to exercise at the same time or thereafter any other right or remedy available to it. Any action or inaction Agent and Lenders determine, in their sole discretion, to take during the existence of any Event of Default (including without limitation, the imposition of default interest) shall not operate as a waiver of any Event of Default or any right or remedy under the Loan Documents, and will not be deemed to establish a course of conduct nor justify an expectation by any Borrowers that Agent or Lenders will take further action or continue not to take any action and will not preclude Agent or Lenders from exercising any and all remedies available at any time thereafter. Agent and Lenders hereby further expressly reserve every right, power and remedy specifically provided by the Loan Agreement, the other Loan Documents and any related documents, now existing or hereafter existing at law, in equity or by statute and each and every right, power and remedy, whether specifically given by Borrowers or otherwise existing, which may be exercised from time to time and as often and in such order as may be deemed expedient by Agent and Lenders and the exercise or beginning of the exercise of any such right, power or remedy shall not be construed as a waiver of the right to exercise at the same time or thereafter any other right, power or remedy.

Agent, Lenders and Borrowers have engaged in discussions concerning the Events of Default and Agent and Lenders anticipate that additional discussions may take place in the future. However, the Agent, Lenders and Borrowers shall not be obligated to engage or to attempt to engage in discussions or negotiations, and whether or not the Agent, Lenders or Borrowers participate in, continue or terminate any such discussions or negotiations at any time is wholly at the election of the Agent, Lenders and Borrowers, each acting independently and in its sole or absolute discretion without incurring any liability to the other. During the course of such discussions, Agent, Lenders and Borrowers may touch upon and potentially reach a preliminary understanding on one or more issues prior to concluding negotiations. Notwithstanding this fact, and absent an express written waiver by Agent and Lenders, Agent and Lenders will not be bound by an agreement on any individual issue unless and until an agreement is reached on all issues and such agreement is reduced to writing and signed by Agent, Lenders and the Borrowers.

As of the date of this letter, there are no offers outstanding from Agent or Lenders to Borrowers nor are there any oral agreements among Agent, Lenders and Borrowers concerning the Loan Obligations. Rather, all agreements concerning the Loan Obligations are expressed solely in the existing Loan Documents, and the respective duties and obligations of the Borrowers, Agent and Lenders shall be only as set forth in the Loan Documents.

Very truly yours,

**CAPITAL FUNDING, LLC**

By: *Deborah A. Spangenberg*
Name: DEBORAH A. SPANGENBERG
Title: PRESIDENT

2

26429774v.1

cc:  AP MA Funding LLC
 MVB Bank, Inc.
 Congressional Bank
 Gutnicki LLP, Attention: Abraham Gutnicki (via Federal Express)

26429774v.1